THE SUMMERVILLE MACADAMIZED, GRADED OR PLANK ROAD COMPANY *vs.* THE DEUTSCHER SCHUETZEN CLUB.

1. The county judge of Richmond county has jurisdiction to grant private ways.
2. On the hearing of a petition for a private way, the question as to who is to use it when established is not involved.

Jurisdiction. Courts. Roads and bridges. Before Judge GIBSON. Richmond Superior Court. October Term, 1878.

To the report contained in the decision it is only necessary to add, that on the application by the Schuetzen Club for a private way to its property, or platz across the line of the Plank Road Company, the county judge granted an order which recited that the court was satisfied that the club was entitled to a private way for the use of its members, and he therefore appointed commissioners.

FRANK H. MILLER, for plaintiff in error.

BARNES & CUMMING, for defendant.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that the Deutscher Schuetzen Club, a corporation, petitioned the judge of the county court of Richmond county to grant it a private passway across the Summerville Macadamized, Graded or Plank Road, the same being also a corporation. On the hearing of the application and the evidence as to the necessity of the private way asked for by the petitioner, the county judge granted the same; whereupon the Plank Road Company sued out a *certiorari* to the superior court, alleging as error therein, that the county judge erred in overruling its objection to his jurisdiction to hear and decide the application for the grant of a private way, and that if the county judge did have jurisdiction to hear and determine that question, he erred in granting the private way under the evidence. The judge of the superior court refused the *certiorari*, and the Plank Road Company excepted.

By the constitution of 1868, inferior courts were abolished in this state, and the duties of the justices thereof were transferred to such tribunals as the general assembly may designate. At the time of the adoption of the constitution of 1868, it was one of the duties of the justices of the inferior courts to grant private ways to individuals to go from and return to their farms or places of residence, and when such private ways became established, they were required to be entered on, and fully described in, the road-books. See Irwin's Revised Code, sections 754 to 761, inclusive. By the act of 1871, county courts were created in the several counties (not excepted in that act), including the county of Richmond, the 21st section of which declares that the county judge of that court, required by that act to be appointed, shall discharge all the duties formerly devolved on the jus-

tices of the inferior court as to county business, except in those counties where by local laws other provision had been made by the legislature of this state.  This act, in view of the duties formerly required of the justices of the inferior court as to county business, is not unconstitutional.  See Code, §313.  Whether the ordinary of Richmond county has concurrent jurisdiction with the county judge of that county to grant private ways, it is not necessary to decide, inasmuch as we are satisfied that the county judge has it. It appears from the evidence in the record that the home or location of the petitioner is on the tract of land from which to the public road the private way is sought to be obtained.

The necessity which existed for the private way was a question for the county judge under the evidence, and that was the only question then before him, and not who was entitled to use the private way when it was granted and just compensation made therefor.  Whilst we affirm the judgment of the superior court refusing the *certiorari*, we are not to be understood as affirming that part of the judgment of the county judge which declares that the applicant is entitled to said private way " for the use of the members " of the Deutscher Schuetzen Club.  The county judge decided that the petitioner was entitled to the private way asked for, and appointed commissioners to view and lay out the road, and when the provisions of the law in relation to the granting of private ways shall have been complied with, including the assessment and payment of damages, then those who may be lawfully entitled to use the petitioner's private way can do so.  The question at present is as to the right of the petitioner as a corporation to have the private way asked for, and not who shall use it when it shall have been legally obtained.

Let the judgment of the court below refusing the *certiorari* be affirmed.